# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:04-CR-00161-GCM-DCK

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ALBERTO REYES,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Mario Alberto Reyes' pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF Doc. 96), which includes a request for appointment of counsel and was filed on July 13, 2021. The Government filed its response (ECF Doc. 99) on August 16, 2021. This matter, now being fully briefed, is ripe for consideration. For the reasons stated herein, the Court finds that Defendant's Motion should be denied.

## I. BACKGROUND

In 2004, Defendant pled guilty to one count of conspiracy to possess with intent to distribute, and distribute, cocaine pursuant to 21 U.S.C. §§ 841, 846, and 851 and one count of using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting same, pursuant to 18 U.S.C. §§ 924(c)(1), 2, and 3559(c)(1). Pursuant to the plea agreement, Defendant admitted that at least 500 grams but less than two kilograms of cocaine were reasonably foreseeable to him. Defendant was classified as a career offender for sentencing purposes. The court departed downwards from his sentencing guidelines range and sentenced Defendant to 200

months in prison for the drug-trafficking offense and a consecutive term of sixty months in prison for the firearm offense.

Defendant previously filed two motions to vacate his convictions and sentences under 28 U.S.C. § 2255, arguing he was improperly classified as a career offender in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Court denied the first motion, concluding that the career-offender classification was appropriate, and then dismissed the second motion. Defendant now files this Motion, arguing that compassionate release is appropriate because he would not have been classified as a career offender pursuant to *Mathis v. United* States, and arguing that extraordinary and compelling circumstances exist due to his age, bad hip and knee joints, and the COVID-19 pandemic. The Government opposes this Motion, maintaining that Defendant was properly classified as a career offender and that no other extraordinary and compelling reasons exist to warrant a sentence reduction. Any additional facts are set forth in the discussion below.

**II.     DISCUSSION**

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify his sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met,[1] then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by

---

[1] The Government does not dispute that Defendant exhausted the administrative requirements for this Motion.

the Sentencing Commission." *Id.* Rehabilitation alone is not enough to constitute an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t). The defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

As to the "applicable policy statements" the court must review in considering a sentence reduction, the Fourth Circuit has recently concluded that, because the previously applicable policy statement was not updated to address changes made in the First Step Act, there are no current "applicable policy statements." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). Therefore, courts are free to consider any extraordinary and compelling reasons when determining whether a sentence reduction is appropriate. *Id.* at 284. Nevertheless, while the previously applicable policy statement is no longer "applicable" according to that term as used in Section 3582, it is still considered a helpful guidance. *Id.* at 282 n.7.

Turning to the previously applicable policy statement, Section 1B1.13 of the United States Sentencing Guidelines, extraordinary and compelling reasons that may justify a reduction of sentence include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). Extraordinary and compelling reasons could also include that the defendant is over sixty-five years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and the defendant has served seventy-five percent of the term of imprisonment. *Id.* § 1B1.13 cmt. n.1(B). The policy statement also specifies that, even if extraordinary and

compelling reasons warrant a sentence reduction, the Court must also find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Defendant has not met his burden of establishing extraordinary and compelling circumstances that warrant compassionate release. Defendant was a qualified career offender based on his previous convictions for arson, burglary of habitation, and delivery of controlled substances. This Court has already previously denied and dismissed motions to vacate based on his challenges to the adequacy of his predicate offenses, and the ruling in *Mathis v. United States* does not alter the Court's analysis. *See* 136 S. Ct. 2243, 2257 (2016). Additionally, Defendant is only fifty-eight years old, so his age does not establish an extraordinary or compelling reason for compassionate release. Further, Defendant has alleged no facts to support that his hip and knee joint problems or the COVID-19 pandemic rise to the level of diminishing his ability to provide self-care or present any other circumstances that would operate as extraordinary and compelling reasons for compassionate release. Still more, Defendant has already received a downward sentence departure from the Sentencing Guidelines, he was originally sentenced for serious offenses, and his past criminal history includes drug-trafficking and violent offenses. The Section 3553(a) factors also weigh against compassionate release. After considering all the circumstances and the relevant law, the Court concludes that Defendant's Motion should be denied.

As for Defendant's request for appointment of counsel, there is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The

Court concludes Defendant has not established that the interests of justice require appointment of counsel. Therefore, Defendant's request should be denied.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant Mario Alberto Reyes' pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF Doc. 96) is **DENIED**.

**SO ORDERED**.

Signed: August 30, 2021

Graham C. Mullen
United States District Judge