IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CR161-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARIO ALBERTO REYES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE OPPOSING MOTION FOR COMPASSIONATE RELEASE

Defendant Mario Alberto Reyes moves this Court, for a second time, to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because Reyes has not identified any extraordinary and compelling reasons warranting his release, the United States opposes his compassionate release.

## BACKGROUND AND PROCEDURAL HISTORY

In January of 2004, Reyes, working with two associates, planned to sell a kilogram of cocaine to a buyer who was working with the Charlotte-Mecklenburg Police Department. WDNC Case No. 3:04CR161, Doc. 71 ¶ 8–9. Reyes was in the passenger's seat of a white van when police surrounded the van. *Id.*, Doc. 71 ¶ 9. Police later found just over a kilogram of cocaine in the van. *Id.*, Doc. 71 ¶¶ 9–10. Reyes was carrying a loaded .32 caliber semiautomatic pistol when police took him

into custody. *Id.*, Doc. 71 ¶ 9. Reyes was 41 years old when he committed this offense. *Id.*, Doc. 71 at 2.

A federal grand jury indicted Reyes and charged him with conspiracy to possess with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 846; possessing with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 841; possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). *Id.*, Doc. 1. The United States filed an information under 21 U.S.C. § 851, notifying Reyes and this Court that it intended to seek an enhanced penalty because Reyes had previously been convicted of a felony drug offense in Texas. *Id.*, Doc. 2. The United States also filed an information under 28 U.S.C. § 3559(c)(1), (4), notifying Reyes and this Court that Reyes had previously been convicted of two serious violent felonies and one serious drug offense, requiring a life sentence. *Id.*, Doc. 34.

Ten months after Reyes was indicted, he entered into a plea agreement with the United States, agreeing to plead guilty to the conspiracy and section 924(c) firearm offenses. *Id.*, Doc. 43 ¶ 1. In exchange the United States agreed to dismiss the remaining charges against Reyes. *Id.*, Doc. 43 ¶ 2. The United States also agreed to withdraw its section 3559(c) information, requiring that this Court sentence Reyes to life in prison. *Id.*, Doc. 43 ¶ 7(b). Reyes admitted in the plea agreement that at least 500 grams but less than two kilograms of cocaine were reasonably foreseeable to him. *Id.*, Doc. 43 ¶ 7(a).

This Court's probation office submitted a presentence report, and based on Reyes's prior convictions for burglary, arson, and delivery of controlled substances, the probation officer determined that Reyes was a career offender. *Id.*, Doc. 71 ¶ 24. The probation officer found that the Sentencing Guidelines advised a sentence of between 360 months and life in prison. *Id.*, Doc. 71 ¶ 64. This Court sentenced Reyes to a downward-variance term of 200 months in prison for the drug-trafficking offense and a consecutive term of 60 months in prison for the firearm offense. *Id.*, Doc. 55 at 2.

In May of 2012, Reyes filed a motion to vacate his convictions and sentences under 28 U.S.C. § 2255, arguing that he was improperly classified as a career offender in light of *Johnson v. United States*, 576 U.S. 591 (2015). *Id.*, Doc. 87. Holding that Reyes's prior drug-trafficking conviction was an adequate predicate for his career-offender classification and that his burglary and arson convictions qualified as "crimes of violence" without application of the residual clause of the definition that *Johnson* held unconstitutionally vague, this Court denied Reyes's motion to vacate in September of 2016. *Id.*, Doc. 90. Reyes filed a second motion to vacate in January of 2017, again challenging his classification as a career offender. *Id.*, Doc. 94. This Court dismissed Reyes's second motion a week later. *Id.*, Doc. 95.

While in the Bureau of Prisons, Reyes has not committed any disciplinary infractions and has participated in six educational programs or work assignments. Exh. 1 attached hereto. Reyes has 193 months of credited time. *Id.*

3

Case 3:04-cr-00161-GCM-DCK   Document 105   Filed 10/22/21   Page 3 of 9

In June of 2021, Reyes submitted a request for compassionate release to the warden of his Bureau of Prisons institution, and that request was denied that same month. *Id.*, Doc. 96 at 16. Reyes earlier asked this Court to grant him compassionate release, arguing that he would receive a lower sentence if sentenced today under the First Step Act and because he would not be classified as a career offender. *Id.*, Doc. 96 at 5. Reyes also argued that his age, his painful hip and knees, and the difficult conditions presented by COVID-19 warrant his early release. *Id.* The United States opposed Reyes's motion, arguing in part that Reyes's argument that his prior drug-trafficking offense could no longer support his career-offender designation was incorrect. *Id.*, Doc. 99 at 6. This Court denied Reyes's motion in August of this year. *Id.*, Doc. 100.

Reyes has now filed a second motion for compassionate release, asserting the same grounds. *See id.*, Doc. 101. Reyes has submitted legal authority in support of his claim, however, suggesting that his prior drug-trafficking conviction for delivery of a controlled substance does not actually require the delivery of a controlled substance and is not, therefore, a "crime of violence" under the career-offender guideline. *Id.*, Doc. 101-1.

## ARGUMENT

**This Court should deny Reyes's motion for compassionate release because he has not identified extraordinary and compelling reasons for a reduction in his sentence.**

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant

4

to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the Bureau of Prisons filed a motion seeking that relief.

Although not binding on this Court, *see United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. *Id.*, § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

In *McCoy*, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d at 286. The court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. *See id.*

Reyes is 58 years old, so his age does not qualify him for compassionate release. And he has not alleged any of the criteria for compassionate release authorized in section 1B1.13. Reyes asserts that under the First Step Act, he would receive a lower sentence if he were sentenced today, but he does not explain what provision of the First Step Act would reduce his sentence and the United States has not identified a provision that would have altered the guideline range this Court applied.

Reyes also asserts that he would not be classified as a career offender if sentenced today under the Supreme Court's decision addressing the modified categorical approach in *Mathis v. United States*, 136 S. Ct. 2243 (2016). This claim does not amount to an extraordinary and compelling reason to reduce Reyes's

6

sentence. Reyes is correct that his November 1991 conviction for delivery of controlled substances under Texas law is not a "crime of violence" under the career-offender guideline. *See United States v. Hinkle*, 832 F.3d 569, 576–577 (5th Cir. 2016). His prior conviction for burglary of a habitation under Texas law also does not qualify as a crime of violence. *See United States v. Wilson*, 622 F. App'x 393, 404–05 (5th Cir. 2015) (unpublished decision). If Reyes were sentenced today, therefore, he would not be classified as a career offender.

This fact does not amount to an extraordinary and compelling reason justifying Reyes's compassionate release, however. Reyes's offense conduct was serious, involving the attempted distribution of a large quantity of cocaine and the use of a firearm, and his criminal history includes violent and drug-trafficking offenses, whether formally qualifying as "crimes of violence" or "controlled substance offenses." Reyes was 42 years old when he committed his offense of conviction. Additionally, this Court already granted Reyes significant sentencing leniency by varying downward by 100 months.

Reyes's few efforts at rehabilitation also weigh against compassionate release. He has completed only six educational programs or work assignments in the 15 years he has been imprisoned, making little effort to prepare himself for a productive and law-abiding life outside of prison. Reyes asserts that he has knee and hip pain, but he does not need assistance in moving around and has not identified any medical impairment that limits his ability to function well in the Bureau of Prisons. The nature and circumstances of Reyes's offense conduct, his

7

criminal history, the need to protect the public, the need for deterrence, and the need to promote respect for the law all counsel against Reyes's compassionate release.

## CONCLUSION

Reyes has not identified any extraordinary or compelling reason for his compassionate release. This United States respectfully requests, therefore, that this Court deny Reyes's motion.

RESPECTFULLY SUBMITTED, this the 22nd day of October, 2021.

>WILLIAM T. STETZER
>ACTING UNITED STATES ATTORNEY
>
>s/Amy E. Ray
>Assistant United States Attorney
>Room 233, U.S. Courthouse
>100 Otis Street
>Asheville, North Carolina 28801
>Telephone: (828) 271-4661
>Fax: (828) 271-4670
>E-mail: Amy.Ray@usdoj.gov

## CERTIFICATE OF SERVICE

I certify, on this 22nd day of October, 2021, that a copy of the foregoing ***Response Opposing Motion for Compassionate Release*** will be served upon Reyes by serving him at his address as reflected in the Bureau of Prisons Inmate Locator.

s/Amy E. Ray
Assistant United States Attorney
USAO Asheville, NC
